IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS SOLIS ARREOLA,

    Plaintiff,                    No. CIV S-05-2548 DFL GGH P

    vs.

RODERICK HICKMAN, et al.,

    Defendant.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. On December 15, 2005, the United States District Court for the Central District of California transferred this action to this court.

        Although plaintiff has paid the filing fee, the court may screen his complaint. 28 U.S.C. § 1915(e)(2). Named as defendants are Roderick Hickman and the California Correctional Peace Officers Association (CCPOA). Plaintiff alleges that he received inadequate medical care while housed at California State Prison-Solano. As relief, he seeks money damages.

        In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

1

Constitution or laws of the United States.  42 U.S.C. § 1983; <u>see</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Defendant CCPOA is not a state agency.  Therefore, defendant CCPOA is not a state actor.  Accordingly, the claims against this defendant are dismissed.  28 U.S.C. §1915(e)(2)(B)(ii)(at any time court may dismiss action which fails to state a claim on which relief may be granted).

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff does not allege how defendant Hickman was involved in the alleged deprivations.  It appears that plaintiff is basing defendant Hickman's liability on the theory of

1  respondeat superior.  Accordingly, the claims against this defendant are dismissed.  28 U.S.C.
2  §1915(e)(2)(B)(ii).
3         If plaintiff files an amended complaint, he should name as defendants those
4  individuals who provided him with inadequate medical care.  Plaintiff must specifically describe
5  the conduct of each defendant which allegedly violated his constitutional rights.
6         Accordingly, IT IS HEREBY ORDERED that plaintiff's complaint is dismissed
7  with thirty days from the date of this order to file an amended complaint; failure to comply with
8  this order will result in a recommendation of dismissal of this action.
9  DATED:  1/10/06

                                          /s/ Gregory G. Hollows
                                          _____
                                          GREGORY G. HOLLOWS
                                          UNITED STATES MAGISTRATE JUDGE

ggh:kj
arr2548.ord