IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS SOLIS ARREOLA,

    Plaintiff,                    No. CIV S-05-2548 DFL GGH P

    vs.

RODERICK HICKMAN, et al.,

    Defendant.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On January 11, 2006, the court dismissed the complaint with leave to amend. Pending before the court is the amended complaint filed January 30, 2006.

        Named as defendants are Dr. Mahmoud, Dr. Naku, Dr. Tan, Dr. Thor, Dr. Rohrer, Dr. Deurv and Dr. Solomon.

        The amended complaint states a colorable claim for relief against defendants Naku and Solomon.

        The amended complaint contains no allegations against defendants Tan, Thor, Rohrer or Deurv. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

1

> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendants Tan, Thor, Rohrer and Deury to the alleged deprivations, the claims against these defendants are dismissed with leave to amend.  If plaintiff files a second amended complaint, he must specifically allege how these defendants violated his constitutional rights.

The only allegation against defendant Mahmoud is that he ignored plaintiff's medical problems.  Plaintiff offers no other specific allegations regarding how defendant Mahmoud ignored his medical problems such as, for example, whether defendant Mahmoud examined plaintiff on a certain occasion but failed to provide treatment.  Because plaintiff's allegation against defendant Mahmoud is vague and conclusory, the court cannot determine

whether plaintiff has stated a colorable claim for relief against this defendant. Accordingly, the claim against defendant Mahmoud is dismissed with leave to amend. If plaintiff files a second amended complaint, he must specifically describe how defendant Mahmoud ignored his medical problems.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Mahmoud, Tan, Thor, Rohrer and Deurv are dismissed for the reasons discussed above, with leave to file a second amended complaint within thirty days from the date of service of this Order. Failure to file a second amended complaint will result in a recommendation that these defendants be dismissed from this action.

1       2. Upon filing a second amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: 2/24/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
arr2548.ame