IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS SOLIS ARREOLA,

       Plaintiff,                        No. CIV S-05-2548 DFL GGH P

    vs.

RODERICK HICKMAN, et al.,

       Defendant.                ORDER

_____/

        In his second amended complaint filed March 6, 2006, plaintiff requests that the undersigned recuse himself from this action. Plaintiff contends the court has conducted itself in a biased and prejudicial way.

        A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474, 484 (1994.) The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

1

1        Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff
2 must show a disposition on the part of the judge that "is so extreme as to display clear inability to
3 render fair judgment." <u>Liteky</u>, 510 U.S. at 541, 114 S.Ct. at 1155.  "Opinions formed by the
4 judge on the basis of facts introduced or events occurring in the course of the current
5 proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion
6 unless they display a deep-seated favoritism or antagonism that would make fair judgment
7 impossible."  <u>Id</u>. at 555, 114 S.Ct. at 1157.  Bias is not found where the judge has expressed
8 anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior.  <u>Id</u>.

9        This court's actions in this case do not support disqualification.  The actions taken
10 were an appropriate response to filings.  The court's rulings do not reflect an extreme disposition
11 or deep-seated antagonism.  They do not reflect animosity, partiality, or inability to render a fair
12 judgment in the instant action.  They do not indicate bias, personal or otherwise, or prejudice,
13 personal or otherwise.

14        Accordingly, IT IS HEREBY ORDERED that plaintiff's request that the
15 undersigned recuse himself, contained in his March 6, 2006, second amended complaint is
16 denied.

17 DATED:   3/24/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
arr2548.rec(ggh)

2