IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS SOLIS ARREOLA,

        Plaintiff,                    No. CIV S-05-2548 DFL GGH P

   vs.

RODERICK HICKMAN, et al.,

        Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Naku's motion to dismiss pursuant to Fed. R Civ. P. 12(b) for failure to exhaust administrative remedies filed June 26, 2006. Defendant also states that he is bringing his motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. However, defendant's motion contains no argument that plaintiff has failed to state a claim for which relief may be granted. Accordingly, defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) is disregarded.

        After carefully considering the record, the court recommends that defendant's motion be denied.

        Plaintiff originally filed this action in the United States District for the Northern District of California on November 17, 2005. On December 15, 2005, the Northern District

transferred this action to this court.

This action is now proceeding on the amended complaint filed January 30, 2006, as to defendants Naku and Solomon. The pending motion is made on behalf of defendant Naku only. In this action, plaintiff alleges that he received inadequate medical care. As to defendant Naku, plaintiff alleges that on December 15, 2004, defendant Naku prescribed medication for him without knowing what was wrong. Plaintiff claims that the medication made him feel worse.

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

At the outset, the court observes that the grounds of defendant's motion are not entirely clear. Defendant cites several cases for various propositions concerning administrative exhaustion, e.g., Curry v. Scott, 249 F.3d 493 (6th Cir. 2001) (prisoners must identify every

2

person who they intend to sue during the administrative process in order to satisfy the exhaustion requirement); Irvin v. Zamora, 161 F. Supp. 2d 1125 (S.D. Cal. 2001) (a grievance must contain all claims being brought).  However, defendant appears to argue that this action should be dismissed because plaintiff did not exhaust administrative remedies *prior to filing this action* rather than based on his failure to adequately plead his claims against defendant in his grievances.  See Motion to Dismiss, p. 9: 15-22. ("Plaintiff filed one 602 appeal (Log. No. CSP-S 05-00607) accepted for review at the first and second levels of review during the relevant period of time alleged in the complaint. [ ] This appeal was not exhausted at the Director's Level (Third Level) of Review, before the filing of his First Amended Complaint. [ ] Thus plaintiff has not exhausted his administrative remedies.")[1]

Defendants have submitted two declarations in support of the pending motion. According to N. Grannis, Chief of the Inmate Appeals Branch for the California Department of Corrections and Rehabilitation, plaintiff has filed two administrative appeals regarding medical care: no. SOL 05-607 and 06-823.  Motion to Dismiss, Grannis Declaration, ¶ 5.  Appeal no. 05-607 was denied at the Director's Level on May 25, 2006.  Id., ¶ 6.  Appeal no. 06-823 is still pending at the Director's Level.  Id., ¶ 7.

According to Debbie Falconer, the Litigation Coordinator at California State Prison-Solano, appeal no. 05-607 was denied at the second level of review on May 11, 2005. Falconer declaration, ¶ 8.  Falconer states that as of the date of her declaration, i.e. June 19, 2006, no documentation was found to indicate that plaintiff had received a Director's Level Decision pertaining to this appeal.  Id., ¶ 9.

Despite the conflicting information contained in the Falconer and Grannis declarations, it is clear that appeal no. 05-607 was denied at the Director's Level of Review on May 25, 2006, which is after plaintiff filed this action.  However, it is also clear that plaintiff's

---

[1] Defendant erroneously argues that plaintiff was required to exhaust administrative remedies prior to filing the operative amended complaint.

3

second level of appeal was denied on May 11, 2005. Third level responses to appeals are to be completed within 60 working days after receipt of the appeal document by the appeals coordinator. Cal. Code Regs. tit. 15, § 3084.6(b)(6). Administrative appeals are to be submitted within 15 working days of the decision being appealed. Section 3084.6(c). Based on these time limits, it appears that the May 25, 2006, response to plaintiff's appeal was untimely. As of the time plaintiff filed this action on November 17, 2005, it is likely that the time had run for prison officials to respond to his third level grievance. Under these circumstances, plaintiff had exhausted administrative remedies when he filed this action. See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998) (when a prisoner has undertaken all possible appeals but the prison authorities fail to respond within the required time period, the prisoner has exhausted administrative remedies); see also Foulk v. Charrier, 262 F.3d 687 (8th Cir. 2001) (remedies were not "available" to a prisoner when the warden did not respond to the inmate's grievance during the time period required by regulations).

Because defendant's motion does not explain the delay in the denial of plaintiff's Director's Level grievance for appeal no. 05-607, the court cannot find that plaintiff failed to exhaust administrative remedies prior to filing this action. On this ground, the motion to dismiss should be denied.

The court also observes that in his opposition, plaintiff argues that because he filed actions in state court alleging inadequate medical care he was not required to exhaust administrative remedies. Plaintiff's argument is incorrect. Plaintiff was required to exhaust administrative remedies prior to filing this action regardless of his actions filed in state court.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's June 26, 2006, motion to dismiss be denied and defendant be ordered to answer the complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  9/7/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
arr2548.mtd