IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS SOLIS ARREOLA,

    Plaintiff,               No. CIV S-05-2548 DFL GGH P

    vs.

RODERICK HICKMAN, et al.,

    Defendants.         ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On September 8, 2006, the court recommended that defendant Naku's motion to dismiss for failure to exhaust administrative remedies be denied. After reviewing defendant's objections filed September 27, 2006, the court orders the findings and recommendations vacated. Plaintiff is also ordered to show cause why defendant's motion should not be granted.

       Plaintiff originally filed this action on November 17, 2005. He was required to exhaust administrative remedies prior to filing this action. <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).

       On May 25, 2006, plaintiff's administrative appeal no. 05-607 was denied at the Director's Level of Review. However, plaintiff's second level appeal for appeal no. 05-607 was denied on May 11, 2005. Because plaintiff's Director's Level Appeal was inexplicably denied

1

well after the time had run for prison officials to respond, the court recommended that defendant's motion be denied. See Cal. Code Regs. tit. 15, § 3084.6(b)(6)(third level responses to appeals are to be completed within 60 working days after receipt of appeal); § 3084.6(c)(administrative appeals to be submitted within 15 working days of decision being appealed); Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998)(prisoner has exhausted administrative remedies when prison officials fail to respond within time required).

In his objections, defendant states that plaintiff did not file his Director's Level Appeal until April 1, 2006, i.e. over ten months after he received his second level response on May 11, 2005. For this reason, defendants argue that plaintiff caused his own delay in obtaining the Director's Level response.[1] Under these circumstances, the court would find that plaintiff failed to exhaust his administrative remedies prior to bringing this action. Accordingly, plaintiff is ordered to show cause why defendant's motion for failure to exhaust administrative remedies should not be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. The September 8, 2006, findings and recommendations are vacated;

2. For the reasons discussed above, plaintiff shall show cause within twenty days of the date of this order why defendant's motion to dismiss should not be granted.

DATED: 11/1/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
arr2548.vac

---

[1] Information regarding the reasons for the delay between the denial of the second level and Director's Level appeals should have been included in defendant's original motion.