IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS SOLIS ARREOLA,

        Plaintiff,                      No. CIV S-05-2548 DFL GGH P

     vs.

RODERICK HICKMAN, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Naku's motion to dismiss pursuant to Fed. R Civ. P. 12(b) for failure to exhaust administrative remedies filed June 26, 2006. Defendant also states that he is bringing his motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. However, defendant's motion contains no argument that plaintiff has failed to state a claim for which relief may be granted. Accordingly, defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) is disregarded.

        On September 8, 2006, the court recommended that defendant Naku's motion to dismiss be denied. After reviewing defendants' objections, on November 1, 2006, the court vacated the findings and recommendations and ordered plaintiff to show cause why defendant's motion should not be granted. On November 13, 2006, plaintiff filed a response to the show

cause order. After carefully considering the record, the court recommends that defendant's motion be granted.

Plaintiff originally filed this action in the United States District for the Northern District of California on November 17, 2005. On December 15, 2005, the Northern District transferred this action to this court.

This action is now proceeding on the amended complaint filed January 30, 2006, as to defendants Naku and Solomon. The pending motion is made on behalf of defendant Naku only. In this action, plaintiff alleges that he received inadequate medical care. As to defendant Naku, plaintiff alleges that on December 15, 2004, defendant Naku prescribed medication for him without knowing what was wrong. Plaintiff claims that the medication made him feel worse.

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are

2


exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

Defendant submitted two declarations in support of the pending motion. According to N. Grannis, Chief of the Inmate Appeals Branch for the California Department of Corrections and Rehabilitation, plaintiff has filed two administrative appeals regarding medical care: no. SOL 05-607 and 06-823. Motion to Dismiss, Grannis Declaration, ¶ 5. Appeal no. 05-607 was denied at the Director's Level on May 25, 2006. Id., ¶ 6. Appeal no. 06-823 is still pending at the Director's Level. Id., ¶ 7.

Because plaintiff's Director's Level Appeal in 05-607 was inexplicably denied well after the time had run for prison officials to respond, the court originally recommended that defendant's motion be denied. See Cal. Code Regs. tit. 15, § 3084.6(b)(6)(third level responses to appeals are to be completed 60 working days after receipt of appeal); § 3084.6(c)(administrative appeals are to be submitted within 15 working days of decision being appealed); Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998)(prisoner has exhausted administrative remedies when prison officials fail to respond within time required).

In his objections, defendant stated that plaintiff did not file his Director's Level Appeal in 05-607 until April 1, 2006, i.e. over ten months after he received his second level response on May 11, 2005. The regulations required plaintiff to file his Director's Level appeal within 15 working days of the May 11, 2005, response to his second level appeal. Cal. Code Regs. tit. 15, § 3084.6(c). For this reason, defendant argued that plaintiff caused his own delay in obtaining his Director's Level response. In other words, prison officials did not fail to timely respond to his Director's Level Appeal.

In his November 13, 2006, pleading, plaintiff states that he did not file a timely Director's Level appeal in 05-607 because "imminent life threatening systems had gripped him in a way that the law of self preservation and fear made him bypass administrative remedies." November 13, 2006, pleading, p. 2. Plaintiff states that he did not timely file his Director's Level appeal because the medical staff were ignoring his complaints. Instead, plaintiff sought relief in

1  state court by way of habeas corpus petitions.

2  Plaintiff's claim that the response to his Director's Level appeal would not
3  adequately address his medical concerns does not excuse his failure to timely exhaust his
4  administrative remedies. Nothing prevented plaintiff from simultaneously pursuing both
5  administrative remedies and state court actions regarding his medical care.

6  Plaintiff's own failure to follow the regulations regarding the time for filing
7  grievances caused him to exhaust administrative remedies after he filed this action. Accordingly,
8  defendant's motion to dismiss should be granted. McKinney v. Carey, 311 F.3d 1198 (9th Cir.
9  2002)(42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison
10 conditions *until* such administrative remedies as are available are exhausted.)

11 Accordingly, IT IS HEREBY RECOMMENDED that defendant Naku's June 26,
12 2006, motion to dismiss for failure to exhaust administrative remedies be granted.

13 These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties. Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
18 shall be served and filed within ten days after service of the objections. The parties are advised
19 that failure to file objections within the specified time may waive the right to appeal the District
20 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21 DATED: 12/15/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
arr2548.mtd(2)